CHRISTOPHER DOUGLAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Douglas v. Commissioner
Docket No. 10581-92
United States Tax Court
T.C. Memo 1994-519; 1994 Tax Ct. Memo LEXIS 527; 68 T.C.M. (CCH) 963; October 18, 1994, Filed *527 Decision will be entered for respondent. Christopher Douglas, pro se. For respondent: Neal O. Abreu. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's 1988 Federal income tax of $ 1,384. The issues the Court must decide are: (1) Whether petitioner is entitled to three dependency exemptions; (2) whether petitioner is entitled to a head of household filing status; and (3) whether petitioner is entitled to a child care credit under section 21. Some of the facts in the case have been stipulated and are so found. Petitioner resided in Richmond, California, at the time he filed his petition. For convenience, we have combined the finding of facts and opinion. On his 1988 Federal income tax return, petitioner claimed dependency exemptions for his son, Christopher Deandre Douglas, his mother, Lizzie Mae Douglas, and an unrelated lifelong friend, Michael *528 Earl Jernigan. Respondent determined that petitioner did not establish that he was entitled to claim deductions for these dependency exemptions. Section 151(c)(1) allows an exemption deduction for each of a taxpayer's dependents, as defined in section 152, (1) whose gross income for the taxable year is less than the exemption amount, or (2) who is a child of the taxpayer under age 19 or, if a student, under age 24. The exemption amount in 1988 was $ 1,950. Sec. 151(d)(1)(B). Section 152(a) provides, in pertinent part, that a dependent includes an individual over half of whose support in the taxable year was received from the taxpayer and who is a son of the taxpayer, the mother of a taxpayer, or an individual whose principal place of abode is the home of the taxpayer and is a member of the taxpayer's household. Petitioner's son did not live with petitioner in 1988. The son lived with his mother during that year. A review of the record, including petitioner's testimony, shows that he did not show the total amount of his son's support nor that he provided over half of his son's support. Allen v. Commissioner, T.C. Memo. 1992-623. Thus, we sustain *529 respondent's determination on this point. Petitioner's mother had income in excess of the exemption amount. Accordingly, we have no choice but to hold that petitioner is not entitled to claim a dependency exemption deduction for his mother for 1988. Secs. 151(c)(1)(A) and (d)(1)(B); Barnes v. Commissioner, T.C. Memo. 1986-585. Petitioner's lifelong friend, Michael Earl Jernigan, who otherwise would have been homeless, lived in petitioner's home for 8-1/2 months during 1988. Mr. Jernigan did not have any income during that time. Petitioner provided the total support of Mr. Jernigan for over 8 months. For the year 1988, petitioner provided over half of Mr. Jernigan's support. However, in order for Mr. Jernigan to qualify as petitioner's dependent, he must have been a member of petitioner's household for the entire taxable year. Von Tersch v. Commissioner, 47 T.C. 415, 422 (1967); sec. 1.152-1(b), Income Tax Regs. Therefore, we hold that petitioner is not entitled to a dependency exemption deduction for Mr. Jernigan for 1988 because Mr. Jernigan was not a member of petitioner's household for the entire taxable year. *530 Section 2(b)(1) provides, in pertinent part, that an individual shall be considered a head of household if such individual is not married at the close of the taxable year and maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode for a member of the household if the taxpayer is entitled to claim such person as a dependent for the taxable year. Barnes v. Commissioner, supra. We held above that petitioner is not entitled to claim his son, his mother, nor Mr. Jernigan as a dependent for 1988. Thus, petitioner is not entitled to file as a head of household for 1988. Sec. 2(b)(1). Petitioner claimed a credit for child and dependent care expenses of $ 581 for 1988, which respondent determined was not allowable. Section 21(a)(1) provides, in part, that an individual who maintains a household which includes as a member a qualifying individual shall be allowed a credit for household and dependent care services necessary for gainful employment. Section 21(b) defines, in pertinent part, a qualifying individual as a dependent of the taxpayer who is under the age of 13 and with respect *531 to whom the taxpayer is entitled to a dependency exemption deduction, or a dependent of the taxpayer who is physically or mentally incapable of caring for himself or herself. Because we have held that petitioner is not entitled to a dependency exemption deduction for his son, his mother, nor Mr. Jernigan, and because he has not shown that his mother is unable to care for herself, we sustain respondent's determination with respect to this credit. Lee v. Commissioner, T.C. Memo. 1991-337. (Although this is not an issue in this case, petitioner argued about a $ 1,761 refund check for 1988. Respondent showed that this refund check was received and endorsed by petitioner. Petitioner's arguments have no merit.) Decision will be entered for respondent.